IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 13, 2009 Session

## STATE OF TENNESSEE v. TALMADGE WAYNE BRADLEY

**Appeal from the Circuit Court for Lawrence County**
**No. 26533     Robert Holloway, Judge**

-------

**No.  M2008-00500-CCA-R3-CD - Filed July 17, 2009**

-------

Appellant, Talmadge Wayne Bradley, pled guilty in Lawrence County to one count of possession of a Schedule III substance with intent to sell.  The trial court held a separate sentencing hearing.  At the conclusion of the hearing, the trial court determined that enhancement factor (14), abuse of a position of public trust applied to Appellant.  Appellant was sentenced to four years, one year to be served in incarceration and the remainder to be served on probation.  Appellant appeals arguing that the enhancement factor was incorrectly applied.  After a thorough review of the record, we have determined that enhancement factor (14) was applied inappropriately to Appellant.  Therefore, we modify Appellant's sentence to two years.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Modified and Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Edward J. Gross, Nashville, Tennessee, and Gene Honea, Frankin, Tennessee, for appellant, Talmadge Wayne Bradley.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL BACKGROUND**

As a result of information from a confidential informant, the Lawrence County Sheriff's Department, in conjunction with the U.S. Postal Service, set up a controlled buy.  Appellant, a postal

carrier, was the target. The confidential informant sold Appellant twenty Lortab tablets. The purchase was captured on both audiotape and videotape. When he was arrested, Appellant had a total of 95 Lortabs, including 73 pills contained in a prescription bottle prescribed to him, two found on his person, and the twenty he had just purchased from the confidential informant.

In June 2007, the Lawrence County Grand Jury indicted Appellant for one count of possession of a Schedule III controlled substance with intent to sell. On January 9, 2008, Appellant entered an open plea to Count 1, as charged. The trial court held a separate sentencing hearing on March 6, 2008. At the conclusion of the hearing, the trial court found that one enhancement factor applied, Tennessee Code Annotated section 40-35-114(14), "[t]he defendant abused a position of public or private trust, or used a professional license in a manner that significantly facilitated the commission or the fulfillment of the offense . . . ." The trial court also found that one mitigating factor applied, Tennessee Code Annotated section 40-35-113(1), "[t]he defendant's criminal conduct neither caused nor threatened serious bodily injury . . . ." The trial court sentenced Appellant to four years as a Range I standard offender, with one year to be served and the remainder on probation.

Appellant filed a timely notice of appeal.

## ANALYSIS

On appeal, Appellant argues that the trial court erred in applying enhancement factor (14) and that the sentence of four years split confinement is excessive. "When reviewing sentencing issues . . . , the appellate court shall conduct a *de novo* review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "[T]he presumption of correctness 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If . . . the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails." *Id.* at 345 (citing *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)). We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses, (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

When imposing the sentence within the appropriate sentencing range for the defendant:

[T]he court shall consider, but is not bound by, the following *advisory* sentencing guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c) (emphasis added). However, the weight given by the trial court to the mitigating and enhancement factors are left to the trial court's discretion and are not a basis for reversal by an appellate court of an imposed sentence. *Carter*, 254 S.W.3d at 345. "An appellate court is . . . bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id.* at 346.

We conclude that there was no basis for the application of enhancement factor (14) in the determination of Appellant's sentence. There have been many cases that analyze the question of when enhancement factor (14) applies to a situation of a defendant abusing a position of private trust. *See State v. Gutierrez*, 5 S.W.3d 641, 645-46 (Tenn. 1999). However, the question in the case at hand deals specifically with whether Appellant abused a position of *public* trust based upon his employment as a mail carrier.

We have found a few cases that apply this enhancement factor in the specific manner at issue in this case. In two cases, the application of enhancement factor (14) was upheld when applied to city employees who used their positions to embezzle or falsify records in order to steal money from the city government by which they were employed. *See State v. Chris Sullivan*, No. 01-C-019106-CR-00166, 1992 WL 70550, at *1 (Tenn. Crim. App., at Nashville, Apr. 9, 1992); *State v. Scott Wyatt*, No. M1998-00470-CCA-R3-CD, 1999 WL 1266338, at *5 (Tenn. Crim. App., at Nashville, Dec. 29, 1999), *perm. app. denied*, (Tenn. Jul. 31, 2000). In *State v. Larry McKinney*, No. 01C01-9307-CR-00234, 1995 WL 108257 (Tenn. Crim. App., at Nashville, Mar. 10, 1995), the trial court applied enhancement factor (14) when determining the sentence of a pastor of a Baptist church who had stolen money from his part-time employer, a recording studio. This Court determined that the enhancement factor did not apply because the defendant had not stolen from the church where he was a pastor and, therefore, he "did not breach his position of trust with his church or as pastor because the money he stole was not from the church." *Larry McKinney*, 1995 WL 108257 at *1.

At the sentencing hearing a postal inspector testified that the controlled buy in this case originated with the receipt of information from a confidential informant that Appellant might be stealing drugs sent through the mail. If these thefts had been the subject of the prosecution in this case, the application of the "abuse of a public trust" enhancer might have been appropriate. The conviction in this case however, was an ordinary controlled buy of narcotics and there is no evidence in the record Appellant's position as a postal carrier was used in any way to accomplish the offense. Therefore, we conclude that this enhancement factor was inapplicable to Appellant's sentence.

Under Tennessee Code Annotated section 40-35-401(c)(2), if a sentence is appealed, we may, "[a]ffirm, reduce, vacate or set aside the sentence imposed." In this case, we have determined that the sentence should be reduced to two years, which is the minimum for a Class D felony committed by a Range I standard offender.

## CONCLUSION

For the foregoing reasons, Appellant's sentence is modified to two years.

_____
JERRY L. SMITH, JUDGE